LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

LOCKE LORD LLP
Jason Mueller (*pro hac vice* application to be filed)
jmueller@lockelord.com
Galyn Gafford  (*pro hac vice* application to be filed)
ggafford@lockelord.com
Robert Hough  (*pro hac vice* application to be filed)
robert.hough@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214)740-8000

Attorneys for Plaintiff
PACIFIC COAST BUILDING PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST BUILDING PRODUCTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CERTAINTEED CORPORATION, <br><br> Defendant. | CASE NO.: <br><br> **COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL** |

Plaintiff, Pacific Coast Building Products, Inc. ("Pacific Coast"), by and through its undersigned attorneys, files this Complaint against Defendant CertainTeed Corporation. ("Defendant").

## THE PARTIES

1. Plaintiff Pacific Coast is a corporation organized and existing under the laws of the State of California, having its principal place of business at 10600 White Rock Road, Suite 100, Rancho Cordova, CA 95670.

2. Upon information and belief, Defendant CertainTeed Corporation is a corporation organized under the laws of Delaware with a principal place of business at 20 Moores Road, Malvern, PA 19355.

## NATURE OF THE ACTION

3. This is an action for patent infringement, arising pursuant to the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to Title 28 United States Code, Sections 1331 and 1338(a) because this action arises under the Patent Laws of the United States.

5. This Court has personal jurisdiction over Defendant as a result of Defendants' acts of infringement in violation of 35 U.S.C. § 271 in this District and by placing infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in this District.

6. Venue in this Judicial District is proper pursuant to Title 28 United States Code, Sections 1391(b) and (c) and 1400(b).

7. Intradistrict Assignment. Pursuant to Civil L.R. 3-2(c), this is a patent case which may be assigned on a district-wide basis.

## FACTUAL BACKGROUND

### The Patents-in-Suit

8. On May 22, 2012, U.S. Patent No. 8,181,738 ("the '738 Patent") entitled "Acoustical Sound Proofing Material with Improved Damping at Select Frequencies and Methods for

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Manufacturing Same" was duly and legally issued by the United States Patent & Trademark Office. A true and correct copy of the '738 Patent is attached as Exhibit A.

9. Pacific Coast is the lawful owner by assignment of all rights, title and interest in the '738 Patent, including the right to sue for patent infringement and damages, including past damages.

10. The '738 Patent relates generally to acoustical sound proofing laminated panels formed from two layers of materials (*e.g.*, gypsum wallboard) sandwiched around a layer of viscoelastic glue, which significantly improves the sound attenuation ability of the panels by limiting the transmission of sounds from one area to another. The claims of the '738 Patent are directed to specific formulations of the viscoelastic glue that offer optimum sound-attenuation.

11. As described in detail below, Defendant's SilentFX® QuickCut noise-reducing drywall directly infringes at least claims 1, 3, 23 and 25 of the '738 Patent. The SilentFX® QuickCut drywall features a viscoelastic polymer between two gypsum boards wherein the viscoelastic polymer has an acrylic polymer in a selected concentration between about 10% and about 60% and a glass transition temperature less than room temperature.

12. Further, and as described in detail below, Defendant's Green Glue Noiseproofing Compound indirectly infringes at least claims 1, 3, 23 and 25 of the '738 patent. Defendant teaches its customers to make laminated gypsum board panels wherein the Green Glue Noiseproofing Compound is used as the viscoelastic polymer between two gypsum board panels, and the Green Glue Noiseproofing Compound has an acrylic polymer in a selected concentration between about 10% and about 60% and a glass transition temperature less than room temperature.

13. On July 12, 2016, U.S. Patent No. 9,388,568 ("the '568 Patent") entitled "Acoustical Sound Proofing Material with Improved Fracture Characteristics and Methods for Manufacturing Same" was duly and legally issued by the United States Patent & Trademark Office. A true and correct copy of the '568 Patent is attached as Exhibit B.

14. Pacific Coast is the lawful owner by assignment of all rights, title and interest in the '568 Patent, including the right to sue for patent infringement and damages, including past damages.

15. The '568 Patent relates generally to acoustical sound proofing laminated panels formed from two layers of materials (*e.g.*, gypsum wallboard) sandwiched around a layer of viscoelastic glue, which significantly improves the soundproofing ability of walls and ceilings by limiting the transmission of sounds from one area to another. The '568 Patent specifically discloses a laminated panel using two pieces of gypsum wallboard with the inner surfaces being unclad with no face paper, which allows the resultant panel to be scored and snapped like traditional gypsum wallboard while still offering significant sound attenuation.

16. As described in detail below, Defendant's SilentFX® QuickCut noise-reducing drywall infringes at least claim 21 of the '568 Patent. The SilentFX® QuickCut drywall is a laminated sound-attenuating panel that features two gypsum boards with unclad inner surfaces that cuts and installs (i.e. can be scored and snapped) like standard gypsum board.

## The Products At Issue

17. Pacific Coast is a small but innovative North American manufacturer of building materials that has been based in the Sacramento area since 1953. Included in its building materials products is gypsum wallboard, offered in various thicknesses of traditional gypsum wallboard, moisture resistant wallboard and other specialty boards including the QuietRock sound-attenuating wallboard.

18. QuietRock EZ-SNAP was the first high performance sound damping gypsum panel that scores and snaps like standard gypsum wallboard. The invention is a breakthrough, as proven by its market demand for a product that attenuates sound, yet installs like standard gypsum wallboard. This breakthrough is possible due to Pacific Coast's patented technology that offers outstanding sound-attenuation with no paper or metal in the center of the panel. QuietRock EZ-

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

SNAP delivers high acoustic performance with easier, faster installation than other brands—using standard and well-known installation techniques for drywall.

19. The QuietRock EZ-SNAP panels also feature a proprietary viscoelastic adhesive, that is marketed under the tradename QuietGlue. QuietGlue has been specifically formulated to offer sound-attenuating properties, while also adhering the two layers of gypsum board to each other.

20. Defendant is a competitor of Pacific Coast and is also engaged in the business of manufacturing building materials, including among other things, gypsum wallboard.

21. Upon information and belief, Defendant has introduced a line of sound-attenuating drywall products under the brand name SilentFX®. One of the products introduced by Defendant is SilentFX® QuickCut, a laminated panel featuring a viscoelastic polymer between two gypsum panels that cuts like standard gypsum wallboard due to the lack of paper on the inner surfaces of the gypsum panels. The following drawing is included in the CertainTeed SilentFX® QuickCut Noise-reducing Gypsum Board Product Brochure (attached as Exhibit C).



22. Upon information and belief, the viscoelastic polymer used by Defendant in creating the SilentFX® QuickCut panels contains the acrylic polymer Poly(2-ethylhexyl acrylate) in a concentration of approximately 40% by weight.

23. Upon information and belief, Defendant also offers a viscoelastic glue under the brand name Green Glue Noiseproofing Compound, a viscoelastic damping compound used to soundproof floors, walls and ceilings. Defendant instructs its customers to create laminated panels

by applying Green Glue Noiseproofing Compound between two layers of gypsum wallboard, as shown in the Green Glue Noiseproofing Compound product brochure attached as Exhibit D on pages 4-5. Specifically, Defendant's product brochure provides:

> **Step 4**
>
> **Hanging the Second Sheet** - After applying the Green Glue to the back of the second layer, raise the board into position, press the board against the wall or ceiling, and fasten in place using appropriate screws. The Green Glue will squeeze into a thin layer (about 0.5 mm). (Exhibit D, p. 5).

24. Upon information and belief, the Green Glue Noiseproofing Compound offered by Defendant contains the acrylic polymer Poly(2-ethylhexyl acrylate) in a concentration of approximately 40% by weight.

25. Defendant has directly infringed the '738 Patent and the '568 Patent by making, using, selling or offering for sale laminated sound-attenuating gypsum wallboard panels, including its SilentFX® QuickCut product that infringes at least one claim of the '738 Patent and the '568 Patent. Specifically, Defendant has sold its Silent FX® QuickCut product into the district, which is being installed in a current new hotel construction project at 250 4th Street, San Francisco, California 94103. (Exhibit E, Declaration of Steven Benasso).

26. Defendant has indirectly infringed the '738 patent by making, selling or offering for sale Green Glue Noiseproofing Compound for its customers to make laminated sound-attenuating gypsum wallboard panels that infringes at least one claim of the '738 patent.

27. Defendant's infringement has damaged Pacific Coast in an amount yet to be determined, and has irreparably harmed, and continues to irreparably harm Pacific Coast, including by usurping Pacific Coast's sales and goodwill generated as a pioneer, innovator and leader in the market.

6

COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL
*Pacific Coast Building Products. Inc. v. CertainTeed Corporation.* Case No.

## COUNT 1
## (INFRINGEMENT OF U.S. PATENT NO. 8,181,738)

28. Pacific Coast repeats and incorporates by reference the allegations contained in Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Defendant has directly infringed and continues to infringe one or more claims of the '738 Patent, either literally or under the doctrine of equivalents, by making, using, offering for sale, or selling certain gypsum wallboard sound-attenuating panels, including its SilentFX® QuickCut products, that embody each element of at least one claim of the '738 Patent. Attached as Exhibit F is a claim chart showing specifically element-by-element of how Defendant's SilentFX® QuickCut products infringe claims 1, 3, 23 and 25 of the '738 Patent.

30. Further, at least since the filing and service of this Complaint, Defendant has been and is now actively inducing infringement of at least claims 1, 3, 23 and 25 of the '738 Patent in violation of 35 U.S.C. § 271(b). Users of the Green Glue Noiseproofing Compound directly infringe at least claims 1, 3, 23 and 25 when they use the product in the ordinary, customary and intended way. (*See e.g.*, Ex. D, pages 6-7 highlighting testimonials of Defendant's customers who have used the product to create laminated structures and have practiced the methods to create laminated structures pursuant to at least claims 1, 3, 23 and 25 of the '738 Patent). Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Green Glue Noiseproofing Compound in the ordinary, customary and intended way by instructing such users (*e.g.*, Ex. D, the Product Information brochure on pages 4-5) how to use the product in an infringing manner, that Defendant knows or should know infringes at least claims 1, 3, 23, and 25 of the '738 Patent.

31. Further, at least since the filing and service of this Complaint, Defendant has been and continues to actively contribute to infringement of at least claims 1, 3, 23 and 25 of the '738 Patent in violation of 35 U.S.C. § 271(c). Users of the Green Glue Noiseproofing Compound

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

directly infringe at least claims 1, 3, 23 and 25 when they use the product in the ordinary, customary and intended way. (*See e.g.*, Ex. D, pages 6-7 highlighting testimonials of Defendant's customers who have used the product to create laminated structures and have practiced the methods to create laminated structures pursuant to at least claims 1, 3, 23 and 25 of the '738 Patent). The viscoelastic Green Glue Noiseproofing Compound containing the acrylic polymer Poly(2-ethylhexyl acrylate) in a concentration of approximately 40% by weight constitutes a material part of the claimed invention recited in at least claims 1, 3, 23 and 25 of the '738 Patent and is not a staple article or commodity of commerce as it is specifically designed and intended to perform the functionality claimed in at claims 1, 3, 23 and 25 of the '738 Patent. Any other use of the product would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. Defendant's contributions include, without limitation and with specific intent, offering to sell and/or selling, the Green Glue Noiseproofing Compound constituting a material part of the invention recited in at least claims 1, 3, 23, and 25 of the '738 Patent knowing that the product to be especially made or especially adapted for use in an infringement of at least claims 1, 3, 23, and 25 of the '738 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.

32. Defendant's past and continuing infringement of the '738 Patent has damaged and continues to damage Pacific Coast.

33. Defendant's past and continuing infringement of the '738 patent has irreparably harmed Pacific Coast, and Defendant's infringement will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

34. Upon information and belief, such infringement of the '738 Patent has been, and will continue to be, willful making this an exceptional case and entitling Pacific Coast to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

# COUNT 2
## (INFRINGEMENT OF U.S. PATENT NO. 9,388,568)

35. Pacific Coast repeats and incorporates by reference the allegations contained in Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Defendant has directly infringed and continues to infringe one or more claims of the '568 Patent, either literally or under the doctrine of equivalents, by making, using, offering for sale, or selling certain gypsum wallboard sound-attenuating panels, including its SilentFX® QuickCut products, that embody each element of at least one claim of the '568 Patent. Attached as Exhibit G is a claim chart showing specifically element-by-element of how Defendant's SilentFX® QuickCut products infringe claim 1 of the '568 Patent.

37. Defendant's past and continuing infringement of the '568 Patent has damaged and continues to damage Pacific Coast.

38. Defendant's past and continuing infringement of the '568 patent has irreparably harmed Pacific Coast, and Defendant's infringement will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

39. Upon information and belief, such infringement of the '568 Patent has been, and will continue to be, willful making this an exceptional case and entitling Pacific Coast to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Pacific Coast respectfully requests that this Court enter judgment against CertainTeed, granting Pacific Coast the following relief:

A. A judgment holding Defendant liable for direct and indirect infringement of the '738 Patent and the '568 Patent;

B. Damages resulting from Defendant's infringement of the '738 Patent and the '568 Patent in an amount to be proven at trial, but no less than a reasonable royalty, together with pre-judgment and post-judgment interest;

C. Permanently enjoin Defendant under 35 U.S.C. § 283 from directly infringing the '738 Patent and the '568 Patent, including by specifically prohibiting Defendant from making, using, offering for sale or selling any product which falls within the scope of any claim of the '738 Patent and the '568 Patent;

D. A judgment holding this to be an exceptional case, and an award to Pacific Coast of increased damages pursuant to 35 U.S.C. § 284 and its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

E. Such other and further relief as the Court deems just and equitable.

Dated: March 3, 2017                    Respectfully submitted,

                                        LOCKE LORD LLP


                                        By:  */s/ Regina J. McClendon*
                                             Regina J. McClendon

                                        Attorneys for Plaintiff
                                        PACIFIC COAST BUILDING PRODUCTS, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff Pacific Coast Building Products, Inc. hereby demands trial by jury on all claims and issues so triable.

Dated: March 3, 2017

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Regina J. McClendon*
      Regina J. McClendon

Attorneys for Plaintiff
PACIFIC COAST BUILDING PRODUCTS, INC.